UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROBERT L. FLINDERS, )
)
Plaintiff, )
)
vs. ) 1:08-cv-972-SEB-JMS
)
MICHAEL J. ASTRUE, Commissioner of )
the Social Security Administration, )
)
Defendant. )

**ENTRY**

Robert L. Flinders ("Flinders") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*. For the reasons explained in this Entry, the Commissioner's decision must be remanded for reconsideration in light of this ruling.

**Evidence**

Flinders filed an application for DIB on February 3, 2004, alleging a disability onset date of December 1, 2002. His application for benefits was denied initially and on reconsideration. Flinders's request for a hearing was granted and a hearing was conducted by Administrative Law Judge ("ALJ") Albert J. Velasquez. At this

administrative hearing, Flinders was represented by an attorney and introduced evidence and testified. In addition, Flinders's wife, Margie, testified. On May 29, 2007, the ALJ issued a partially favorable decision, finding Flinders disabled at step five as of August 23, 2006, but not disabled at step four prior to that date. Flinders applied for review to the Appeals Council, and, after considering additional information, the Appeals Council denied Flinders's request for review on June 23, 2008. This denial of review made the ALJ's decision final. See Getch v. Astrue, 539 F.2d 473, 480 (7th Cir. 2008). The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... in [a] district court of the United States."

The ALJ's decision contained the following findings: (1) Flinders had not engaged in substantial gainful activity since December 1, 2002; (2) Flinders has severe impairments including: asthma/COPD, infrarenal abdominal aortic aneurysm w/o rupture, and degenerative disc disease. Flinders also had non-severe impairments including hypertension, obstructive sleep apnea, depression, and diabetes mellitus; (3) None of these impairments met the requirements of a "disabling impairment" under 20 C.F.R. part 404, Subpart P, Appendix 1. (20 C.F.R. § 404.1520(d)); (4) Flinders was able to perform a range of light work; (5) After August 23, 2006, Flinders was incapable of sustained sedentary work; (6) Prior to August 23, 2006, Flinders was capable of performing past

relevant work. 20 C.F.R. § 404.1565; (7) As of August 23, 2006, Flinders is defined as closely approaching retirement age, has a high school education, and has not acquired work skills that are transferrable to other occupations; (8) Based on the information in (7) and, beginning on August 23, 2006, there are no significant jobs available in the national economy that Flinders could perform. (20 CFR § 404.1560(c)). (R. 25 - 32).

Flinders was found not disabled at step four prior to August 23, 2006 and disabled at step five after that date.

## Discussion

### I. Applicable Law

To be eligible for DIB, a claimant must prove that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, a claimant is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in the Social Security regulations is used to determine

disability status. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351-52 (7th Cir. 2005).

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920 [the "steps"]. A finding of disability requires an affirmative answer at either step three or step five."

Id. "An affirmative answer leads either to the next step or, in steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled." Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985).

After step three, the ALJ must assess the claimant's residual functional capacity. 20 C.F.R. § 404.1520. This determination has three components: physical abilities, mental abilities, and other impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). In order to place an individual at a particular residual functional capacity level, the individual must be able to perform the full range of work in that category on a daily basis. Frey v. Bowen, 816 F.2d 508 (10th Cir. 1987). The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner.

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision is supported by substantial evidence and is otherwise free of legal error.

Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir.1993). "Substantial evidence" has been defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206 (1938)).

## II. Analysis

In the present case, the ALJ found that Flinders was not presently employed and had a severe impairment, but that the impairment did not meet or equal any impairment listed in the regulations to preclude substantial gainful activity. Thus, the determination of benefits turned on steps four and five. In his decision, the ALJ determined that Flinders was not disabled at step four prior to August 23, 2006, but was disabled at step five subsequent to that date. Flinders contends that he was disabled as of December 1, 2002.

The ALJ made two separate findings regarding Flinders's residual functional capacity after step three. The ALJ determined that beginning on August 23, 2006, Flinders was incapable of even sedentary work and entitled to his disability claim. (R. at 31). However, the ALJ determined that, prior to August 23, 2006, Flinders could "stand and walk for 6 to 8 hours . . . provided the work accommodated an option to alternate into a sitting or standing position for 1-2 minutes *each hour*." (R. at 28) (emphasis added). The ALJ found that these restrictions allowed Flinders to perform a "range of light work."

Id. Based on his assessment of Flinders's residual functional capacity, the ALJ determined that, prior to August 23, 2006, Flinders could perform his past relevant work as a barber as that job is "generally performed in the national economy," and thus, was not disabled at step four for that time period.[1] (R. at 32-33).

As discussed above, the ALJ found that, while Flinders could stand and walk for six to eight hours each day, he required a short break each hour in which to alternate between a standing and sitting position. Thus, based on the ALJ's residual functional capacity assessment, Flinders would be unable to perform a job that required standing and/or walking for an uninterrupted period of more than an hour.

The ALJ used the Dictionary of Occupational Titles (DOT), to find the demands of the job of "barber" as it is generally performed in the national economy. (R. at 32). The ALJ found that in the DOT, the "barber" profession is classified as "light in exertion," and then, without further analysis, determined that, prior to August 23, 2006, Flinders could perform that position. (R. at 32). However, as Flinders asserts, there is nothing in the definition of "light" work that requires a person to stand for only one hour at a time. With regard to the need to alternate sitting and standing, individuals "who can adjust to any need to vary sitting and standing by doing so at breaks, lunch periods, etc., would still be able to perform a defined range of work." SSR 83-12. However, here, the ALJ did not

[1] The ALJ did not make a determination regarding whether, prior to August 23, 2005, Flinders could perform his past relevant work as a barber as he actually performed it. Because the ALJ did not address this question, we need not either, as our review is limited "to the reasons supplied by the ALJ." Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002) (citations omitted).

address whether the barber job, as generally performed, would allow for a need to alternate to sitting or standing for one or two minutes per hour. The Commissioner argues that it was not unreasonable for the ALJ to make the assumption that a barber could do so. We disagree. A visit to many barbershops on a weekend morning would likely indicate otherwise. When customers are waiting for service, it is likely that a busy barber would not be able to take such breaks from his work in order to alternate between sitting and standing positions.

Because the ALJ did not make a determination regarding whether the job of "barber" would allow for breaks every hour in which to alternate from a standing to a sitting position, we find that his step-four determination of non-disability based on Flinders's ability to perform his past relevant work as a barber as it is performed in the national economy is not supported by substantial evidence. Although the record does not support the ALJ's decision, a more thorough analysis could still support a finding of no disability, of course, but we must allow the ALJ to make these decisions, rather than the Court. Thus, because we find that the ALJ's finding is not supported by substantial evidence, but does not provide sufficient evidence to support a reversal and finding of disability, we remand the case to the ALJ for further proceedings consistent with this ruling. See Crist v. Bowen, 682 F. Supp. 412, 421 (N.D. Ind. 1988).

## **Conclusion**

The ALJ's failure to fully assess the requirements of the claimant's past relevant

work as it is performed in the national economy requires this court to remand the case to the ALJ for further proceedings consistent with this order.

IT IS SO ORDERED.

Date: 09/29/2009

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

J. Frank Hanley II
laurasiener@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

SSA (Court Use Only)
SOCIAL SECURITY ADMINISTRATION (SSA) added for email notification purposes to the SSA General Counsel, pursuant to A.O. memorandum of 7/19/2007.
.NULL.